**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

EDWINS OMODI N.,

Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*; TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Field Office Director of Enforcement and Removal Operations, Minneapolis - St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County, Minnesota*,

Respondents.

Case No. 26-cv-2025 (LMP/DLM)

**ORDER GRANTING HABEAS PETITION**

---

Karen Venice Bryan, **KB Law PLLC, St. Louis Park, MN**, for Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Edwins Omodi N. is a native and citizen of Kenya who entered the United States in August 2004 on a student visa. ECF No. 2 ¶ 1. Edwins Omodi N.'s student visa lapsed in 2006, but he remained in the United States. *Id.* ¶ 29. Edwins Omodi N. has remained law-abiding since arriving in the United States. ECF No. 6-2 at 3. However, on March 21, 2026, Edwins Omodi N. was arrested by Immigration and Customs Enforcement

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

("ICE"), and he remains detained at the Sherburne County Jail in Elk River, Minnesota. ECF No. 2 ¶¶ 9–10. Edwins Omodi N. subsequently brought a petition for a writ of habeas corpus, alleging that his detention violated federal immigration statutes and his constitutional rights. *See id.* ¶¶ 58–83. The Government filed a response to the petition, ECF No. 5, and Edwins Omodi N. has filed a reply brief, ECF No. 7.

At this point, the parties agree that Edwins Omodi N. is subject to detention, if at all, under 8 U.S.C. § 1226(a).[2] ECF No. 5 at 5; ECF No. 7 at 14–15. Section 1226(a) provides that a noncitizen may be arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Issuance of a valid administrative warrant, therefore, "is a necessary condition to justify discretionary detention under section 1226(a)." *Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2 (D. Minn. Jan. 21, 2026) (citation omitted).

The Government offers an administrative warrant issued on March 17, 2026. ECF No. 6-1. The warrant states that an immigration officer has "determined that there is probable cause to believe that [Edwins Omodi N.] is removable from the United States." *Id.* The warrant offers five checkboxes which the officer can select to explain why probable cause exists. *Id.* On Edwins Omodi N.'s warrant, none of those boxes are checked:

---

[2] Edwins Omodi N. originally alleged that he was being detained pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 2 ¶¶ 66–68. The Government argues in its response that Edwins Omodi N. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but that he is subject to detention under 8 U.S.C. § 1226(a). ECF No. 5 at 1. In his reply, Edwins Omodi N. no longer argues that he is subject to detention under 8 U.S.C. § 1225(b)(2) but rather argues that his detention does not comport with the requirements of 8 U.S.C. § 1226(a). ECF No. 7 at 23.

I have determined that there is probable cause to believe that N[redacted] Edwins Omodi is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

Edwins Omodi N. argues that the failure to check any of these boxes to explain why probable cause exists renders the administrative warrant defective. ECF No. 7 at 3, 15. On this record, the Court agrees.

Federal immigration officers "may seize aliens based on an administrative warrant attesting to probable cause of removability." *City of El Cenizo v. Texas*, 890 F.3d 164, 187 (5th Cir. 2018); *see also Abel v. United States*, 362 U.S. 217, 236–37 (1960) (explaining that application for an administrative arrest warrant must be made to an "independent responsible officer . . . to whom a prima facie case of deportability must be shown"). But here, there is nothing in the warrant that "attest[s] to probable cause," except for the issuing officer's say-so that "there is probable cause to believe that [Edwins Omodi N.] is removable from the United States." *City of El Cenizo*, 890 F.3d at 187; *see* ECF No. 6-1.

Nor is there any other evidence in the record that explains why, as of March 17, 2026, immigration officials had probable cause to believe that Edwins Omodi N. was

removable from the United States. The Government's best evidence is a statement in Edwins Omodi N.'s Record of Deportable/Inadmissible Alien that his arrest was "based on ongoing investigative efforts including surveillance and intelligence gathering conducted on March 19 and 20, 2026." ECF No. 6-2 at 2. But a vague reference to "ongoing investigative efforts" and surveillance conducted two to three days *after* the warrant had issued is insufficient to explain why immigration officials believed that Edwins Omodi N. was removable when the warrant was issued. *Cf. United States v. Summage*, 481 F.3d 1075, 1077–78 (8th Cir. 2007) (explaining that "[c]onclusory statements made by affiants" fail to provide probable cause for a search warrant).

Because "no boxes are checked on the provided warrant to explain why probable cause existed to believe that [Edwins Omodi N.] was removable from the United States," and because the Government has "provided no other evidence or argument describing the circumstances" that would have given rise to probable cause on March 17, 2026, the Court concludes that the administrative warrant fails for lack of probable cause.[3] *Sergio P. v. Bondi*, No. 26-cv-1538 (ECT/DTS), 2026 WL 497290, at *2–3 (D. Minn. Feb. 23, 2026) (ordering release as a remedy for a petitioner with a similarly defective warrant); *see Mejia Huerta v. Noem*, No. 26-cv-01248 (MMG), 2026 WL 555014, at *3 (S.D.N.Y. Feb. 27, 2026) (holding that a petitioner was "arrested without a proper warrant" when the explanatory boxes on the administrative warrant were similarly left unmarked, and the

[3] This conclusion comports with black-letter criminal law that an arrest warrant issued without probable cause is invalid. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 117 (1975).

warrant consequently "did not provide *any* basis for ICE's purported determination that Petitioner is removable from the United States").

To reiterate: issuance of a valid administrative warrant "is a necessary condition to justify discretionary detention under section 1226(a)." *Joaquin Q. L*, 2026 WL 161333, at *2. But because there is no valid administrative warrant in this case, the Government cannot rely upon 8 U.S.C. § 1226(a) to justify Edwins Omodi N.'s detention. The Government offers no other legal basis on which to justify Edwins Omodi N.'s detention, so in the absence of a "lawful predicate" for his detention, Edwins Omodi N. is entitled to habeas relief and immediate release.[4] *Sergio P.*, 2026 WL 497290, at *3.

A final logistical note. The Government represents that Edwins Omodi N. was scheduled for a bond hearing before an immigration judge earlier this week—April 7, 2026. ECF No. 5 at 1. The parties have not informed the Court of the result of that bond hearing. To ensure effective relief, the Court will order Edwins Omodi N.'s release from detention without conditions no later than Friday, April 10, 2026. If Edwins Omodi N. has already been released from immigration detention on bond, the Government is ordered to refund any bond that has been posted for his release and to remove any conditions of release that may have been imposed on him.

---

[4] Because the Court grants relief to Edwins Omodi N. on his statutory claim, the Court does not address his constitutional claims or claims under the Administrative Procedure Act. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998). Nor does the Court need to address Edwins Omodi N.'s challenges to the Government's evidence on hearsay grounds.

# ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Edwins Omodi N.'s Petition for Writ of Habeas Corpus (ECF No. 2) is **GRANTED**;

2. The Government is **ORDERED** to release Edwins Omodi N. from custody, without conditions and with all personal property taken in connection with his arrest and detention, by no later than **5:00 p.m. on Friday, April 10, 2026**;

3. If Edwins Omodi N. has already been released on bond, the Government is **ORDERED** to refund any bond that has been posted for his release and to remove any conditions of release that may have been imposed on him;

4. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **Monday, April 13, 2026**; and

5. If the Government seeks to impose conditions of release on Edwins Omodi N. or to retain Edwins Omodi N.'s property, the Government's status report must include: (a) the conditions imposed or the property retained; and (b) the legal basis on which the conditions are imposed or the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 9, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge