## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

EDWINS OMODI N.,

        Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*; TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Field Office Director of Enforcement and Removal Operations, Minneapolis-St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County, Minnesota*,

        Respondents.

Case No. 26-cv-2025 (LMP/DLM)

**ORDER GRANTING ATTORNEY'S FEES AND COSTS**

---

Karen V. Bryan, **KB Law PLLC, St. Louis Park, MN**, for Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

On March 24, 2026, Petitioner Edwins Omodi N. brought a petition for a writ of habeas corpus, alleging that his immigration detention violated federal immigration statutes and his constitutional rights. *See* ECF No. 2. Because there was no valid administrative warrant and no other legal basis on which to justify Edwins Omodi N.'s detention, the Court granted Edwins Omodi N.'s petition on April 9, 2026, and ordered the

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

Government to release him from custody.  ECF No. 8 at 5–6.  Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Edwins Omodi N. now moves for an award of attorney's fees and costs in the amount of $7,007.48.  ECF No. 12.

The EAJA provides that a court shall award fees, costs, and other expenses incurred by the prevailing party in a civil action against the United States[2] "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The "position of the United States" includes both the underlying agency action and the United States' litigation position.  *Id.* § 2412(d)(2)(D).  A party seeking an award under the EAJA must apply within thirty days of the final judgment and: (1) establish that he was the prevailing party and is eligible to receive an award; (2) detail the amount of the award sought; and (3) allege that the position of the United States was not substantially justified.  *Id.* § 2412(d)(1)(B).  If the moving party meets his burden, "the burden shifts to the government to prove that it was substantially justified in asserting its position."  *Huett v. Brown*, 873 F.2d 1153, 1155 (8th Cir. 1989).

---

[2]    Under the EAJA, "United States" includes federal agencies and federal officials acting in their official capacities.  28 U.S.C. § 2412(d)(2)(C).  Respondents are federal officials, and Edwins Omodi N.'s claims were brought against them in their official capacities, *see* ECF No. 2 ¶¶ 18–20, so this action was against the "United States" for purposes of the EAJA.

The Government does not dispute that Edwins Omodi N. was the prevailing party in this case and does not argue that it was "substantially justified in asserting its position." *Id.*; *see* ECF No. 14 at 1.  Accordingly, the only remaining question is whether the fees and costs sought by Edwins Omodi N. are reasonable.  *See* 28 U.S.C. § 2412(d)(2)(A).  As the party seeking attorney's fees, Edwins Omodi N. bears the burden of proving the reasonableness of the hours and the rates claimed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

The Government argues that the billing records submitted by Edwins Omodi N.'s counsel demonstrate "unreasonable fees and unnecessary work."  ECF No. 14 at 3–5.  The Government objects to specific categories of work completed by Edwins Omodi N.'s attorney and her paralegal.

*Reviewing the order to show cause.*  The Government objects to Edwins Omodi N.'s counsel spending 45 minutes reviewing the order to show cause in this case.  ECF No. 14 at 3; *see* ECF No. 13-3 at 1.  The Court agrees that it should not have taken Edwins Omodi N.'s counsel nearly an hour to review a two-page order that merely provides briefing deadlines for the parties.  The Court will therefore subtract $198.83 from the requested fee award.

*Drafting the petition.*  The Government next objects to Edwins Omodi N. requesting $1,458.05 for 5.5 hours of attorney time and $246.03 for 3 hours of paralegal time to draft the habeas petition.  ECF No. 14 at 3–4; *see* ECF No. 13-3 at 1.  The crux of this argument is that, although Edwins Omodi N. succeeded on his habeas petition, his petition contained

claims that were non-meritorious or "did nothing to advance the litigation."[3]  ECF No. 14 at 3–4.  But a fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."  *Hensley*, 461 U.S. at 435.  Indeed, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee."  *Id.*  Edwins Omodi N. raised several good-faith grounds on which he asserted entitlement to habeas relief.  ECF No. 2 ¶¶ 58–83.  The fact that the Court did not reach those grounds in granting the petition does not warrant a reduction in fees.  *Hensley*, 461 U.S. at 435.

---

[3]    The Government faults Edwins Omodi N.'s counsel for alleging in the petition that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather than under 8 U.S.C. § 1226(a).  ECF No. 14 at 3–4.  The Court imputes no such fault to Edwins Omodi N.'s counsel; as the Court is well aware, during Operation Metro Surge, the Government was often less than diligent in communicating with detainees and their counsel regarding a detainee's circumstances of detention.  *See, e.g.*, *Rigoberto S. J. v. Bondi*, No. 26-cv-957 (LMP/JFD), 2026 WL 490104, at *1–2 (D. Minn. Feb. 20, 2026); *Advocs. for Hum. Rts. v. U.S. Dep't of Homeland Sec.*, No. 26-cv-749 (NEB/DLM), 2026 WL 404457, at *1–8 (D. Minn. Feb. 12, 2026).  Indeed, Edwins Omodi N. was detained on March 21, his habeas petition was filed on March 24, and in that three-day window, the Government did not provide his counsel with any written custody determination or explanation for his detention.  ECF No. 2 ¶¶ 3, 6.  The Court does not question the good-faith nature of Edwins Omodi N.'s allegation that he was detained pursuant to 8 U.S.C. § 1225(b)(2), particularly because that statute has become the Government's detention authority *du jour*.  *See Avila v. Bondi*, 170 F.4th 1128, 1132 (8th Cir. 2026).

The Court also rejects the Government's subtle suggestion that the habeas petition was granted on a ground not raised in the petition.  Edwins Omodi N. alleged a violation of the Immigration and Nationality Act for improperly detaining him under 8 U.S.C. § 1225(b)(2).  ECF No. 2 ¶¶ 66–68.  The petition, however, also alleged that Edwins Omodi N. was not subject to detention under 8 U.S.C. § 1226(a), albeit under a theory that he was not issued a judicial warrant.  *Id.* ¶ 57.  The briefing in this case from both the Government and Edwins Omodi N. clarified that the statutory question in this case centered on whether Edwins Omodi N. was properly subject to detention under 8 U.S.C. § 1226(a), and, if so, whether a valid administrative warrant had issued.  ECF Nos. 5, 7.  That is the question that the Court answered in granting the petition.

The Government also challenges awarding fees for both attorney and paralegal time for the same task: "Drafting of Habeas Corpus Petition." ECF No. 14 at 4; ECF No. 13-3 at 1. The Court agrees that neither the time entries nor Edwins Omodi N.'s briefing explains why a paralegal was needed to draft the petition above and beyond the time Edwins Omodi N.'s attorney spent drafting. The Government suggests that the Court should strike the attorney's fees and only award the paralegal's fees, ECF No. 14 at 4, but the Court believes that the opposite is appropriate, given that drafting pleadings is ordinarily the work of an attorney, *see Rutz v. Metro-W. Anesthesia Grp., Inc.*, No. 4:23 CV 1729 JMB, 2025 WL 1380141, at *1 (E.D. Mo. May 13, 2025). The Court will therefore deduct the fees sought for paralegal time: $246.03. *See A.J. ex rel. L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995) (permitting reduction of fees for "inefficiency or duplication of services").

*Filing documents*. The Government objects to Edwins Omodi N. requesting $132.55 for 0.5 hours of attorney time to file the habeas petition, and the same amount of fees and hours to file the EAJA motion. ECF No. 14 at 4; *see* ECF No. 13-3 at 1–2. "[P]urely clerical tasks should not be billed at paralegal or attorney rates, regardless of who performed such tasks." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 651 (8th Cir. 2022). Courts within this Circuit disagree over whether filing tasks should be excluded entirely as purely clerical, *see Semler v. Berryhill*, No. 16-cv-2445 (TNL), 2018 WL 1512056, at *1 (D. Minn. Mar. 27, 2018), or whether such tasks should be compensated at a paralegal's rate, *see McIlvain v. Berryhill*, No. 5:16-cv-5359, 2017 WL 3401297, at *2–3 (W.D. Ark. Aug. 8, 2017). The Court believes that filing may be compensated at a paralegal's rate—

after all, somebody's got to do it.  And navigating the Court's electronic filing system requires a certain level of skill.  The Court will therefore deduct $183.09 from the requested fee award (that is, the difference between an hour of attorney time and paralegal time).

*Preparing exhibits.*  The Government argues that Edwins Omodi N. is not entitled to fees for 0.5 hours of attorney time to prepare exhibits in submitting the EAJA petition. ECF No. 14 at 4; *see* ECF No. 13-3 at 2.  The Court finds it reasonable for counsel to spend half an hour reviewing and preparing exhibits for filing a motion for attorney's fees.

*Supervisory meeting.*  The Government challenges 0.5 hours of paralegal time for a time entry denoted as "supervisory meeting."  ECF No. 14 at 4; *see* ECF No. 13-3 at 2. The Court agrees that this time entry is unduly vague and will therefore subtract $41.01 from the requested fee award.  *See Glass-Inspiration GMBH Design + Eng'g v. M.G. McGrath, Inc.*, No. 24-cv-3315 (LMP/DLM), 2025 WL 842309, at *3 (D. Minn. Mar. 18, 2025) (reducing fee award for time entries that "lack precision").

*Drafting EAJA petition.*  The Government finally objects to awarding fees for 6 hours of attorney time and 3 hours of paralegal time for the same task: "Drafted EAJA Motion for Attorneys' Fees and Costs."  ECF No. 14 at 5; *see* ECF No. 13-3 at 1–2.  The Court found merit in this argument with respect to the "drafting petition" time entries, and the Court finds merit for similar reasons here.  The Court will therefore deduct the fees sought for paralegal time: $246.03.  *See Kierst*, 56 F.3d at 864.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that Edwins Omodi N.'s Motion for Attorney's Fees and

Costs (ECF No. 12) is **GRANTED** in the amount of $6,092.49.  The Government shall make payment to Edwins Omodi N.'s counsel within 30 days of this Order.

Dated: May 19, 2026                              *s/Laura M. Provinzino*
                                                 Laura M. Provinzino
                                                 United States District Judge